# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANCISCO VELASCO, III, <br><br> Plaintiff, <br><br> v. <br><br> DEB HAALAND, Secretary of the U.S. Department of the Interior, in her official capacity, <br><br> Defendant. | Case No. 3:22-cv-00062-SLG |

## ORDER RE DEFENDANT'S MOTION TO CEASE AND DESIST IN HARASSMENT AND INTIMIDATION

Before the Court at Docket 21 is Plaintiff Francisco Velasco's "Motion to Cease and Desist in Harassment and Intimidation of my Family." Defendant responded in opposition at Docket 22, and Plaintiff replied at Docket 24.

Mr. Velasco, an employee of the National Park Service ("NPS"), filed a civil action in this Court after NPS issued a Final Agency Decision dismissing his formal Equal Employment Opportunity ("EEO") complaint alleging discrimination, reprisal, and retaliation.[1] In the current motion, Mr. Velasco asserts that the Department of Justice ("DOJ") attorney that is defending this case "harass[ed] and intimidate[d] [his] family in order to prevent and circumvent the execution of a lawful process

---

[1] Docket 1 at 3, ¶¶ 9, 11-12.

and the administration of justice."² He maintains that the defense attorney made a phone call to his mother requesting his ex-wife's contact information, which "left Mr. Velasco's mother with heart palpitations, increased blood pressure and exerted stress."³ Mr. Velasco asserts that such action by defense counsel "sent [him] a clear message": "continue to pursue litigation and your family will suffer as in the case of Mr. Velasco's mother." And Mr. Velasco maintains that defense counsel's actions are a violation of 18 U.S.C. § 1512, "Tampering with a witness, victim, or an informant."⁴

Mr. Velasco requests the following relief: (1) that the Court order "DOJ to Cease and Desist from harassing and intimidating Mr. Velasco's Family"; (2) that the case be transferred to the U.S. District Court for the Northern District of California; (3) that DOJ be ordered to preserve all information "related [to] or identifying Mr. Velasco's Family," including "information and communications between [DOJ] attorneys"; and (4) that DOJ "relinquish its domain over EEO based lawsuits brought by federal employees to the originating agency that the complaint was filed."⁵ The Court addresses each of these requests in turn.

---

² Docket 21 at 1.

³ Docket 21 at 1; Docket 24 at 5.

⁴ Docket 21 at 2.

⁵ Docket 21 at 3.

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Plaintiff's Motion to Cease and Desist in Harassment and Intimidation
Page 2 of 7
Case 3:22-cv-00062-SLG    Document 28    Filed 05/19/23    Page 2 of 7

## I. Harassment and Intimidation Allegations

Contacting potential witnesses or obtaining contact information through other means—such as another person who may know the potential witness—is a common, expected, and long-standing practice in litigation.[6] It is not a crime. Mr. Velasco cites to a federal statute that criminalizes (1) killing or attempting to kill a witness; and (2) using physical force or the threat of physical force against a witness.[7] That law has no applicability to an attorney telephoning a person in connection with a civil case.

Here, nothing in the record indicates that defense counsel has intimidated or harassed any member of Mr. Velasco's family. Defense counsel's unrebutted testimony is that she made one call to Mr. Velasco's mother "last[ing] no more than five minutes"; during that call, she introduced herself, asked Mr. Velasco's mother if she had contact information for her former daughter-in-law, and when Mr. Velasco's mother responded in the negative, defense counsel thanked her and hung up.[8] While Mr. Velasco contends that defense counsel did "not show any reason to contact Mr. Velasco['s] mother other than to intimidate and harass Mr. Velasco's family,"[9] the Court finds that defense counsel gave a thorough and

---

[6] Some limitations apply, such as the prohibition on a lawyer contacting a person about a matter when the lawyer knows that person has an attorney representing him or her in that matter. *See, e.g.,* Rule 4.2, Alaska Rules of Professional Conduct.

[7] 18 U.S.C. § 1512.

[8] Docket 22 at 4; Docket 22-1 at 2-4, ¶¶ 9-14.

[9] Docket 24 at 3.

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Plaintiff's Motion to Cease and Desist in Harassment and Intimidation
Page 3 of 7
Case 3:22-cv-00062-SLG   Document 28   Filed 05/19/23   Page 3 of 7

satisfactory explanation of her actions and those actions were permissible and consistent with the diligent practice of law. In short, there is nothing in the record to support Mr. Velasco's assertion that a DOJ attorney has harassed or intimidated his family. Mr. Velasco's request that the Court order DOJ attorneys to stop doing something that they are not doing is therefore denied.

## II. Request to Transfer the Case to Northern California

Mr. Velasco requests that the case be transferred to the U.S. District Court for the Northern District of California "[i]n the interest of justice . . . in order to avoid further conflict of interest by [defense counsel] and to increase the . . . oversight on DOJ actions."[10] Mr. Velasco brought his suit pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*[11] For Title VII suits, it is the venue provision of Title VII found at 42 U.S.C. § 2000e-5(f)(3), and not the general federal venue statute found at 28 U.S.C. § 1391, that controls.[12] Mr. Velasco appropriately brought his suit in the District of Alaska because he alleges that the "unlawful employment practice[s]" in his case occurred in Alaska.[13] He has not shown that the Northern District of California would be an appropriate venue pursuant to the Title VII venue provision; therefore, the Court denies this request.

---

[10] Docket 21 at 3; Docket 24 at 6.

[11] Docket 1 at 15-18, ¶¶ 69-81.

[12] *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991).

[13] *See* Docket 1; 42 U.S.C. § 2000e-5(f)(3) ("Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . . .").

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Plaintiff's Motion to Cease and Desist in Harassment and Intimidation
Page 4 of 7
Case 3:22-cv-00062-SLG   Document 28   Filed 05/19/23   Page 4 of 7

### III. Preservation of Information

Mr. Velasco requests "[p]reservation of all DOJ communication, data, and clusters of information related [to] or identifying Mr. Velasco's Family; and all information and communications between [DOJ] attorneys [in this case] regarding Mr. Velasco and his family."[14]

To the extent Mr. Velasco is asserting it was improper for the defense to research public divorce records to determine if his ex-wife could be a potential witness,[15] the Court notes that such court records are accessible to the public and were appropriately appended as an exhibit to the defense's response to Mr. Velasco's motion because they were relevant to the motion and did not contain protected information.[16]

To the extent Mr. Velasco is suggesting that the DOJ attorneys were accessing the CLEAR system, a database that is evidently maintained by the Office of the Inspector General (OIG) that provides oversight of the programs and operations of the Office of Personnel Management, this assertion is contradicted by the record.[17] As the DOJ attorney explains in her sworn statement, she relied on an online investigative software marketed by a private company, Thomson

---

[14] Docket 21 at 3.

[15] Docket 24 at 3.

[16] *See* Fed. R. Civ. P. 5.2.

[17] *See* Docket 24-1 at 6-23.

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Plaintiff's Motion to Cease and Desist in Harassment and Intimidation
Page 5 of 7
Case 3:22-cv-00062-SLG   Document 28   Filed 05/19/23   Page 5 of 7

Reuters, that is a search engine for public records that people, including DOJ attorneys, can purchase.[18] This is an appropriate investigative tool for an attorney or self-represented litigant to employ when litigating a case.

The Court further finds that Mr. Velasco's records preservation request is vague as to what it is seeking.

For the foregoing reasons, the Court denies this request.

### IV. DOJ Relinquishment over EEO Lawsuits

Finally, Mr. Velasco requests that the Court order the "DOJ to relinquish its domain over EEO based lawsuits brought by federal employees to the originating agency that the complaint was filed."[19] To the extent Mr. Velasco is asking the Court to order that DOJ not represent the government in all EEO cases, the Court has no authority to do so. To the extent that Mr. Velasco is requesting that the DOJ be removed from his own case and that his complaint be handled by the originating agency, which would be his employer, the Court will not prohibit DOJ attorneys from acting as defense counsel in this matter.[20]

---

[18] *See* Docket 22-1 at 2, ¶ 6 (expressing attorney's understanding that a "CLEAR report" is "a report from a company that gathers contact information for a person from a variety of publicly available sources"). *See also* Docket 24-1 at 1-5.

[19] Docket 21 at 3.

[20] *Cf. United States v. Williams*, ___ F.4th ___, Case No. 22-10174, 2023 WL 3516095 (9th Cir. May 18, 2023) (holding that trial judge's disqualification of an entire U.S. Attorney's Office was an abuse of discretion).

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Plaintiff's Motion to Cease and Desist in Harassment and Intimidation
Page 6 of 7

Case 3:22-cv-00062-SLG   Document 28   Filed 05/19/23   Page 6 of 7

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Plaintiff's "Motion to Cease and Desist in Harassment and Intimidation of my Family" at Docket 21 is DENIED.

DATED this 19th day of May 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Plaintiff's Motion to Cease and Desist in Harassment and Intimidation
Page 7 of 7
Case 3:22-cv-00062-SLG   Document 28   Filed 05/19/23   Page 7 of 7