IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANCISCO VELASCO, III,<br><br>              Plaintiff,<br><br>     v.<br><br>DEB HAALAND, Secretary of the U.S. Department of the Interior, in her official capacity,<br><br>              Defendant. | Case No. 3:22-cv-00062-SLG |

## ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 29 is Defendant Deb Haaland's Motion for Summary Judgment. Plaintiff Francisco Velasco, III, responded in opposition at Docket 51, to which Defendant replied at Docket 57. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

In March 2022, Mr. Velasco, an employee of the National Park Service ("NPS"), filed a civil action in this Court after NPS issued a Final Agency Decision dismissing his formal Equal Employment Opportunity ("EEO") complaint alleging discrimination, reprisal, and retaliation.[1] Mr. Velasco, who is Filipino and Mexican American, began work with NPS as a Contract Specialist; he has since been

---

[1] Docket 1 at ¶¶ 9, 11-12.

promoted to Contracting Officer at NPS.[2] He brings two claims in this suit: (1) hostile work environment based on race, color, and national origin, and (2) retaliation, both in violation of Title VII of the Civil Rights Act of 1964.[3] He seeks declaratory and injunctive relief, as well as monetary damages and various other forms of relief.[4] In July 2023, the Government moved for summary judgment on both of Mr. Velasco's claims.[5] In Mr. Velasco's response, he opposes summary judgment on his hostile work environment claim but "does not oppose the Government's motion with respect to the retaliation claim."[6] Therefore, the Court grants summary judgment to the Government on Mr. Velasco's retaliation claim and, as discussed below, denies summary judgment on the hostile work environment claim.

## JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action with claims arising under federal law: Title VII of the Civil Rights Act, codified at 42 U.S.C. § 2000e *et seq.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary

---

[2] Docket 51-1 at ¶¶ 1, 3.

[3] Docket 1 at ¶¶ 69-81.

[4] *See* Docket 1 at 18-19.

[5] Docket 29 at 2.

[6] Docket 51 at 2 & n.1.

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Defendant's Motion for Summary Judgment
Page 2 of 7
Case 3:22-cv-00062-SLG   Document 58   Filed 03/05/24   Page 2 of 7

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[7] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[8] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[9] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[10]

## DISCUSSION

"To establish the prima facie hostile work environment claim under . . . Title VII," a plaintiff

> must raise a triable issue of fact as to whether (1) [he] was subjected to verbal or physical conduct because of [his] race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive work environment.[11]

---

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[8] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[9] *Anderson*, 477 U.S. at 248-49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[10] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[11] *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (internal quotation marks and citation omitted).

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Defendant's Motion for Summary Judgment
Page 3 of 7

Case 3:22-cv-00062-SLG   Document 58   Filed 03/05/24   Page 3 of 7

The Government contends that Mr. Velasco cannot prove a hostile work environment based on workplace complaints that are not about race, color, or national origin, and that "his remaining allegations amount to two unrelated incidents by two separate individuals."[12]  The two alleged incidents consist of one coworker "imitat[ing] [a] vendor's Asian accent in an offensive manner" and another supervisor saying to Mr. Velasco that he "was going to come back from Mexico looking like a 'dark little Indian.'"[13]  The Government asserts that, even if true, these two isolated incidents constitute "ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing."[14]  The Government maintains that the two incidents "cannot possibly have been 'so severe or pervasive' as to 'alter the conditions of Plaintiff's employment'" and support a hostile work environment claim.[15]

Mr. Velasco responds that, when considered cumulatively, his allegations of harassment—including other incidents that were not explicitly racial—demonstrate triable issues of fact.[16]  In addition to the two aforementioned incidents, Mr. Velasco states with his opposition that his supervisor occasionally called him "Fanny," "a name [he has not] ever used or asked people to call [him]," and that

---

[12] Docket 29 at 8-9.

[13] Docket 51-1 at ¶¶ 8, 13, 15.

[14] Docket 29 at 9 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

[15] Docket 29 at 11.

[16] Docket 51 at 11-12, 14.

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Defendant's Motion for Summary Judgment
Page 4 of 7
Case 3:22-cv-00062-SLG   Document 58   Filed 03/05/24   Page 4 of 7

one time during a meeting, his supervisor elongated the "o" at the end of his name and said, "Franciscoooo is the only buyer."[17] Mr. Velasco asserts that this incident was his supervisor "mocking [him] for being the only Contracting Specialist on the team, while everyone else was a more senior Contracting Officer."[18] Mr. Velasco also notes that, on another occasion, his supervisor "announced to the team, in [Mr. Velasco's] presence," that a new hire had a Hispanic accent and was from Uruguay, such conduct making Mr. Velasco "uncomfortable."[19] Due to the accumulation of incidents, Mr. Velasco felt "constantly on edge and worried that [he] would be chastised or singled out," "embarrassed," and "isolated"; he also felt like he "could not make a mistake, even though [his] white colleagues seemed to not be held to the same standard."[20]

In its reply, the Government asks the Court to strike Mr. Velasco's additional claims "because he specifically [was] asked whether there were any additional racial comments and [he] could not identify any during his deposition."[21] But the Court declines to do so, as they are not flatly contradictory with his deposition testimony; rather, the timing goes to the weight to accord to them and is a topic that can be fully explored on cross-examination.

---

[17] Docket 51-1 at ¶ 11.

[18] Docket 51-1 at ¶ 11.

[19] Docket 51-1 at ¶ 12.

[20] Docket 51-1 at ¶¶ 16-17.

[21] Docket 57 at 3.

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Defendant's Motion for Summary Judgment
Page 5 of 7
Case 3:22-cv-00062-SLG   Document 58   Filed 03/05/24   Page 5 of 7

Further, the Court finds that the entire workplace environment should be considered, including allegations of bullying and unfair treatment that were not explicitly racial, such that, when all reasonable inferences are drawn for Plaintiff, a reasonable jury could conclude that the environment was hostile because of Mr. Velasco's race, even if not all alleged conduct and statements were explicitly racial. As the Ninth Circuit held,

> [t]he real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships, and what might be an innocuous occurrence in some circumstances may, in the context of a pattern of discriminatory harassment, take on an altogether different character, causing a worker to feel demeaned, humiliated, or intimidated . . . .[22]

And as this Court has previously noted, "the Ninth Circuit clearly has discouraged improvident grants of summary judgment on the 'sufficiently severe' issue: 'where the severity of frequent abuse is questionable, it is more appropriate to leave the assessment to the fact-finder than for the court to decide the case on summary judgment.'"[23] Viewing the facts and drawing reasonable inferences in the light most favorable to Mr. Velasco, the Court finds that Mr. Velasco has raised triable issues of fact as to his hostile work environment claim.[24]

---

[22] *Christian v. Umpqua Bank*, 984 F.3d 801, 809-10 (9th Cir. 2020) (internal quotation marks and citations omitted).

[23] *Thede v. Bernhardt*, Case No. 3:17-CV-00249 RRB, 2021 WL 472899, at *7 (D. Alaska Feb. 9, 2021) (quoting *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1096 (9th Cir. 2008) (noting that "the required showing of severity . . . of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct")).

[24] *See Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) ("As a general matter, the plaintiff in an employment discrimination action need produce very little

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Defendant's Motion for Summary Judgment
Page 6 of 7

Case 3:22-cv-00062-SLG   Document 58   Filed 03/05/24   Page 6 of 7

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motion for Summary Judgment at Docket 29 is GRANTED in part and DENIED in part as set forth herein. Plaintiff's retaliation claim is DISMISSED with prejudice. A status conference is set for **March 18, 2024, at 2:30 p.m. in Anchorage Courtroom 2** to set a trial date and establish pretrial deadlines on Plaintiff's hostile work environment claim.

DATED this 5th day of March 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

evidence in order to overcome an employer's motion for summary judgment. This is because 'the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record.'" (citation omitted)).

Case No. 3:22-cv-00062-SLG, *Velasco v. Haaland*
Order re Defendant's Motion for Summary Judgment
Page 7 of 7

Case 3:22-cv-00062-SLG   Document 58   Filed 03/05/24   Page 7 of 7